IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. 09-20075-01-JWL
)
ROSIE M. QUINN, )
)
        Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Rosie Quinn's motion to dismiss Counts 1 through 7 of the superseding indictment (Doc. # 59). The Court heard oral argument on the motion at a hearing on December 29, 2010. After considering the parties' briefs and oral argument, the Court **denies** defendant's motion to dismiss.

In Counts 1 through 7, defendant is charged with failing to pay over trust fund taxes—that is, income taxes and FICA (Medicare and social security) taxes withheld by an employer from employees' pay—to the Internal Revenue Service (IRS) when those payments were due on various dates from 2003 to 2005, in violation of 26 U.S.C. § 7202.[1] Defendant has submitted evidence that on December 4, 2010, she paid over to the IRS the amounts of the unpaid trust fund taxes as set forth in Counts 1 through 7.

---

[1] Defendant is also charged with two counts of failing to pay individual income taxes in violation of 26 U.S.C. § 7203. Those counts are not at issue in this motion.

Thus, defendant argues that because she has now paid the taxes due, she cannot be found in violation of Section 7202, and those counts should be dismissed. The Government argues in response that defendant cannot "cure" her violations or immunize herself from prosecution for those violations in this manner, by paying the amounts due before trial, and that her alleged crimes were completed when, as alleged, defendant willfully failed to pay over the trust fund taxes when those payments were due in 2003, 2004, and 2005. Neither the parties nor the Court has located a case directly addressing this question, which thus appears to be one of first impression.

> Section 7202 provides as follows:
>
> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall . . . be guilty of a felony . . . .

26 U.S.C. § 7202. Defendant argues that, under the text of the statute, she cannot now be found in violation of Section 7202 because, by virtue of her recent payment, she has not "failed to pay over" the trust fund taxes that she collected from her employees. In support of that argument, defendant notes that the statute does not refer to a failure to pay over such taxes *by the due date* or *at the time required by law*, thereby distinguishing Section 7202 from the next section in the code, Section 7203, which does include such language. *See* 26 U.S.C. § 7203 (person who willfully fails to pay any tax or estimated tax, make a return, keep records, or supply information "at the time or times required by law or regulations" is guilty of a misdemeanor). Defendant argues that her interpretation serves the purpose of the statute to assure payment of trust fund taxes, as employers

2

would have a greater incentive to pay over delinquent trust fund taxes if they could immunize themselves from prosecution under Section 7202 by such late payment. Finally, defendant argues that the "rule of lenity" requires adoption of her more-lenient construction of the statute.

The Court rejects these arguments. First, the Court does not agree with defendant that the text of the statute suggests that the payment of trust fund taxes may be made at any time, including after the due date for those taxes, without violating Section 7202. As aptly summarized in its title, Section 7202 criminalizes the willful "failure . . . to pay over" trust fund taxes. Under a common-sense reading, a "failure to pay over" necessarily incorporates the concept of a deadline, as the failure must be measured as of some particular time. *See Salt Lake City v. Western Area Power Admin.*, 926 F.2d 974, 984 (10th Cir. 1991) ("The most fundamental guide to statutory construction is common sense."). The most reasonable and logical point at which to note that a "failure" has already occurred is the point at or after the due date when the lack of payment has become willful.[2] Indeed, Section 7202 is but one part of an entire statutory scheme that prescribes procedures, deadlines, and civil and criminal penalties relating to the collection, accounting, and payment of trust fund taxes (and other taxes collected and

---

[2] The Government argues that the offense set out in Section 7202 is completed at the due date. The Court does not believe that the statute should be so limited, however, as the initial failure to meet that deadline might be justified or inadvertent (not willful). In such instance, the offense would be completed once the deadline has passed *and* the failure to pay has become willful.

3

paid to the IRS on behalf of other taxpayers), and the Court will not read Section 7202 in isolation from that scheme. *See Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

Defendant's construction, on the other hand, would seem to make the statute impossible to apply, as there would be no guidance in the statute concerning the point at which the person could no longer immunize herself from prosecution by paying over the amounts due. *See Skilling v. United States*, 130 S. Ct. 2896, 2929-30 (2010) (statute should be given reasonable construction that avoids constitutional vagueness problem). For instance, may the person pay at any time before being charged with a crime? Before being tried? Before being convicted? Before the appellate mandate? And if the "failure to pay over" the taxes is not necessarily measured by reference to the due dates, when would the statute of limitations begin running?[3] These are not idle questions, as defendant is unable to identify any analogous situation in the universe of criminal law in which the crime is not committed (or may somehow be undone) until the time of the

---

[3]These same questions would plague the application of 26 U.S.C. § 6672, the civil penalty analogue to Section 7702, which contains similar language and thus also lacks an explicit reference to the due date of the trust fund taxes. *See Slodov v. United States*, 436 U.S. 238, 245 (1978) (noting how Section 7702 tracks the wording of Section 6672). For instance, could a person avoid a penalty by paying any time before notice is sent out by the IRS? Before the IRS begins collection of the penalty? Before litigation is initiated or completed?

4

defendant's trial or conviction.[4]

The Court also does not agree with defendant that her construction best serves the purpose of Section 7202. Defendant suggests that allowing a person to avoid prosecution by making a late payment would encourage payments. The Court agrees with the Government, however, that the incentive would also be greater to avoid paying over the trust fund taxes at the due dates and simply to wait until the Government initiates a prosecution—which, given the number of employers in the United States, may never occur. Thus, defendant's construction would severely undermine the purpose of the statutory scheme (both its criminal and civil provisions[5]) to ensure payment of trust fund taxes in a timely fashion.[6]

---

[4]At oral argument, defendant described her alleged offense as one of omission, and not of commission, in an attempt to distinguish a violation of Section 7202 from offenses like theft or embezzlement that cannot be undone simply by giving the property back. The Court is not persuaded by such a distinction, however. First, the Court does not necessarily agree that defendant's alleged offense is simply one of omission, as she is alleged to have willfully failed to pay over funds that were held in trust for the IRS after their collection from employees. Second, such a distinction is not relevant, as it does not solve the problem of defining the point at which the crime is actually committed.

[5]Defendant noted at oral argument that Section 6672, the civil penalty provision, contains certain notice provisions and other procedural safeguards that prevent the IRS from acting too hastily after a violation, and she suggested that Section 7202, the criminal provision, should not be interpreted more strictly than the civil statute to allow for prosecution immediately after the due date has come and gone. This purported distinction is not apt, however, as any criminal prosecution is obviously subject to its own procedural safeguards relating to notice and other due process concerns.

[6]Defendant suggests that serving that purpose through the Government's construction of Section 7202 can be too harsh, for example if the employer misses the
(continued...)

Moreover, the Court also cannot agree with defendant that the difference in language between Sections 7202 and 7203 evinces some Congressional intent that Section 7202 should be read as defendant urges.[7] In light of the common-sense reading of the language of the statute, the purpose of the statute, and the context of a statutory scheme containing certain payment deadlines, the Court cannot conclude that Congress intended, by omitting a reference in Section 7202 to due dates—*while also omitting any reference to a point in time when the offense becomes completed*—intended in Section 7202 to allow a person to immunize herself from conviction by paying over the trust fund taxes after due dates have passed and the person has already acted willfully in refusing to pay. Defendant argues that applying Sections 7202 more leniently in this regard than Section 7203 makes sense because the former statute creates a felony while the latter merely creates a misdemeanor. That felony-misdemeanor distinction is more likely explained, however, by the fact that Section 7303 relates to an individual taxpayer's failure to pay taxes, while Section 7202

relates to a person's failure to pay over taxes due from others that are held in trust for the IRS.

Sections 7702 and 6672, in substantially the same form, can be traced back at

---

[6](...continued)
deadline by only a day or two. The statute's willfulness requirement, however, protects against any such unduly harsh application.

[7]The parties have not identified, and the Court has not located, any relevant legislative history.

6

least to the year 1918. *See Slodov v. United States*, 436 U.S. 238, 249 & n.10 (1978); *United States v. Poll*, 521 F.2d 329, 333 n.2 (9th Cir. 1975). Nevertheless, defendant has not been able to identify a single instance in which either statute was applied or interpreted as she urges here. In fact, defendant has been unable to cite any case or commentator espousing her position. On the other hand, although the Government has not been able to cite any case addressing defendant's specific argument,[8] that argument is nonetheless undermined by the manner in which courts have discussed the statutes. For instance, in *Slodov*, the Supreme Court included Sections 6672 and 7702 in describing options available to the IRS with respect to trust fund taxes "which should have paid" or that are "delinquent" or "past due". *See Slodov*, 436 U.S. at 243-45. Thus, the Supreme Court seems to have understood those statutes as incorporating a deadline component.

Similarly, the caselaw concerning the statute of limitations that applies to Section 7202 supports the Government's position here. The general criminal limitations period

---

[8]The Court does not consider the cases cited by the Government to be particularly helpful. In *Badaracco v. C.I.R.*, 464 U.S. 386 (1984), the Supreme Court noted that a taxpayer cannot purge his fraudulent return by a subsequent voluntary disclosure, and that the offense has been committed when the fraud is completed, but that ruling depended on particular language in a statute of limitations. *See id.* at 394  In *United States v. Creamer*, 370 F. Supp. 2d 715 (N.D. Ill. 2005), *vacated in relevant part*, 2006 WL 2037326 (N.D. Ill. Apr. 4, 2006), the court noted that, for purposes of applying the statute of limitations, the crime in 7202 is completed on the due date of the payment; that portion of the opinion was later vacated, however, and the court was merely deciding between two possible dates to start the running of the limitations period at any rate. *See id.* at 726-27.

7

for tax offenses is three years, although an exception makes that period six years "for the offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations." *See* 26 U.S.C. § 6531(4). Every circuit court of appeals that has considered the question, including the Tenth Circuit, has held that both Section 7202 and Section 7203 are governed by the six-year exception, despite differences in the statutes' language. *See United States v. Porth*, 426 F.2d 519, 521-22 (10th Cir. 1970); *United States v. Blanchard*, 618 F.3d 562, 568-69 (6th Cir. 2010) (noting agreement among and citing cases from the Second, Third, Fifth, Ninth, and Tenth Circuits). Thus, although those courts did not discuss the fact that only Section 7203 contains an explicit reference to due dates, by their rulings they necessarily deemed Section 7202 to be an "offense of willfully failing to pay any tax, or make any return . . . at the time or times required by law or regulations," as required by the six-year exception. Thus, like the Supreme Court, the Tenth Circuit and other circuits have understood Section 7202 to contain a deadline component.

The Court also notes that at least a few commentators have rejected defendant's position concerning Section 7202. As stated in one treatise:

> Failure to pay over is an essential element of a prosecution under I.R.C. § 7202 for willful failure to account for and pay over tax. This element should be measured at the time the tax is required to be paid over. The notion that it is not possible to unring a bell applies in an instance where a crime has been committed. Accordingly, once the failure to pay over occurs at the required time, a subsequent payment over of the tax does not negate this element, although the subsequent payment over would be relevant to the issue of willfulness.

8

2 Kenneth E. North, *Criminal Tax Fraud* § 16.76 (3d ed. 1998); *see also* Karen Iafe, et al., *Ninth Survey of White Collar Crime: Tax Evasion*, 31 Am. Crim. L. Rev. 875, 893 (Spring 1994) ("Once the employer has failed to pay over taxes, a subsequent payment of the taxes does not negate the violation [of Section 7202], but the subsequent payment or intention to pay is relevant to the issue of willfulness.") (citing Darrell McGowen, *Criminal and Civil Tax Fraud* 570 (1986)).

Finally, the Court rejects defendant's argument that the rule of lenity compels the Court to adopt her construction of Section 7202. *See Barber v. Thomas*, 130 S. Ct. 2499, 2508 (2010) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.") (internal quotations and citations omitted). The Court concludes that its construction of Section 7202 is the most reasonable, as set forth above, in light of the complete statutory scheme, the statute's purpose, a common-sense reading of its text, and the courts' apparent application and understanding of the statute throughout its long history. There is no need simply to guess at what Congress intended here; thus, the rule of lenity does not apply in this circumstance.

For these reasons, the Court concludes that a defendant does not necessarily immunize herself from prosecution for a violation of 26 U.S.C. § 7202 by subsequently paying the trust fund taxes that she allegedly failed to pay over to the IRS. Accordingly, the Court denies defendant's motion to dismiss Counts 1 through 7 of the superseding

indictment.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss Counts 1 through 7 of the superseding indictment (Doc. # 59) is **denied**.

IT IS SO ORDERED.

Dated this 3rd day of February, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge