# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                                         Case No. 09-20075-JWL

**Rosie M. Quinn,**

    **Defendant.**

## MEMORANDUM & ORDER

In June 2009, Ms. Quinn was charged in a nine-count Indictment with failure to pay over employment taxes and failure to pay individual income taxes. Ms. Quinn proceeded to trial and, in March 2011, a jury convicted her on all counts. Thereafter, Ms. Quinn filed a motion for judgment of acquittal or for a new trial; a supplemental motion for judgment of acquittal; a supplemental motion for a new trial; and a pro se motion for arrest of judgment, all of which the court denied. The court ultimately sentenced Ms. Quinn to 36 months' imprisonment.

In November 2011, Ms. Quinn filed a notice of appeal and an initial record on appeal was transmitted to the Tenth Circuit in May 2012. In July 2012, an Anders brief was filed on behalf of Ms. Quinn. Ms. Quinn filed a response to that brief in October 2012; the government filed its brief in December 2012; and Ms. Quinn declined to file a reply brief. During that time frame, Ms. Quinn filed a pro se motion with this court for the inclusion of additional documents and exhibits in the record, which the government in large part did not oppose and the court granted (except to the extent that Ms. Quinn requested that inclusion of exhibits that were neither offered nor admitted at trial and did not otherwise become a part of the record of the case in this court)

in part, and the supplemental record on appeal was submitted to the Circuit in late January 2013. This matter is now before the court on Ms. Quinn's second motion to supplement the record on appeal (doc. 189).

In her motion, Ms. Quinn seeks to have the following items added to the record on appeal: documents reflecting conversations that Ms. Quinn had with the case agent on two occasions prior to her indictment; the reports of Dr. William Logan and Dr. Gilbert Parks (respectively, Ms. Quinn's Exhibits A and B admitted into evidence at the sentencing hearing) concerning Ms. Quinn's claims of reduced mental capacity; and the government's Trial Exhibit 285, which Ms. Quinn describes as a "summary of deposits made into defendant's trust account and is necessary and relevant to issues on appeal including prosecutorial misconduct."

The court denies Ms. Quinn's request with respect to documents or records concerning conversations Ms. Quinn had with the case agent as such documents or records (to the extent they exist) are not part of the record of the case in this court. They were neither offered nor admitted at trial or at sentencing and they were not submitted with any motion or other pleading. Because the court is not authorized to expand the record, this request is denied. *See* Fed. R. App. P. 10(a) (documents files in district court, transcripts, and district court docket sheet constitute record on appeal).

With respect to the reports of Drs. Logan and Parks, as well as government's Exhibit 285, the government does not dispute that those items were each admitted into evidence and are part of the district court record, but disputes the relevance of the items to the issues raised in Ms. Quinn's appeal and questions the timeliness of Ms. Quinn's request. Because the items are already part of the record, *see* Fed. R. App. P. 10(a), Ms. Quinn is, in essence, seeking to

supplement the "pro se record" prepared by the district court clerk and forwarded to the Tenth Circuit in light of Ms. Quinn's pro se status. *See* Tenth Circuit R. 10.2(C), 11.2 & 30.1. The court discerns no prejudice to the government in granting Ms. Quinn's request and believes that the Tenth Circuit is clearly in a better position to ascertain the relevance of the items in connection with its analysis of the issues raised on appeal, particularly when Ms. Quinn's request constitutes only a few pages of material that will not unduly burden the record on appeal or hinder the Circuit's ability to review efficiently the issues on appeal.

Because the government's trial exhibits were returned to the government after trial, the court will direct counsel for the government to return the original of Trial Exhibit 285 to the Clerk of the Court for inclusion in the record no later than May 30, 2013. Defendant's Exhibits A and B admitted into evidence at the November 18, 2011 sentencing hearing were maintained in the record such that the Clerk of the Court may simply forward those items to the Circuit.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Quinn's motion for order to supplement record on appeal (doc. 189) is granted in part and denied in part. The clerk of the court is directed to include the following items in the record on appeal in this case and to transmit this supplemental record on appeal to the Tenth Circuit: Government's Trial Exhibit 285; and Defense Exhibits A and B from the November 18, 2011 sentencing hearing.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge